UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

XCEL INC,                                                                                20 CV 2065

                     Plaintiff,                                        **COMPLAINT AND**
                                                                        **JURY TRIAL DEMAND**

    -against-

THE PHARM, LLC dba SUNDAY GOODS and
GREEN THUMB MANAGEMENT, L.L.C.,

                     Defendants.
------------------------------------------------------------X

       Plaintiff XCEL INC ("Plaintiff or XCEL"), by and through its attorneys, DOLCE LAW PLLC, for its Complaint against THE PHARM, LLC dba SUNDAY GOODS ("THE PHARM") and GREEN THUMB MANAGEMENT, L.L.C. ("GTM") (together, "Defendants") alleges as follows:

## NATURE OF THE ACTION

       1.     Plaintiff seeks actual damages, statutory damages, interest, attorneys' fees and costs from Defendants for violations of the New York City Freelance Isn't Free Act, codified at N.Y.C. Admin. Code §§ 20-927 et seq. and R.C.N.Y. §§ 7-501 et seq., and/or for common law breach of contract or, in the alternative, unjust enrichment and quantum meruit.

## JURISDICTION AND VENUE

       2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, based on diversity, as Plaintiff is incorporated and has its principal place of business in the State of New York whereas Defendants are incorporated and have their principal places of business outside of the State of New York, and the amount in controversy exceeds $75,000.00.

       3.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial

district.

## PROCEDURAL PREREQUISITES

4. Within ten days of the commencement of this action, Plaintiff will serve a copy of this complaint upon an authorized representative of the Director of the Office of Labor Policy and Standards of the City of New York, in accordance with N.Y.C. Admin. Code §20-933(a)(4).

## JURY DEMAND

5. Plaintiff hereby demands a trial by jury.

## PARTIES

6. Plaintiff is a New York corporation with a principal place of business in Queens County, New York and has been an organization composed of no more than one natural person, XCEL's principal, Inder Pal ("Mr. Pal").

7. Defendant THE PHARM is a Delaware limited liability company with a principal place of business in Maricopa County, Arizona and is a subsidiary company of Defendant GTM.

8. Defendant GTM is an Arizona limited liability company with a principal place of business in Maricopa County, Arizona and is the parent company of Defendant THE PHARM.

## FACTS

9. In or about July of 2018, Defendants recruited Plaintiff to perform quality assurance analysis services for Defendants.

10. On or about August 28, 2018, Defendants entered into a written agreement (the "Agreement") with Plaintiff for those services in exchange for compensation for an initial term of 90 days and subsequent renewal terms of 90 days each. (Exhibit 1.)

11. Under the Agreement, Plaintiff was to be compensated at a rate of $80 per hour for services performed.

12. The Agreement does not specify when Defendants must pay Plaintiff the agreed upon compensation or the mechanism by which the date of compensation would be determined.

13. Plaintiff executed the Agreement in the City of New York.

14. Plaintiff began performing services under the contract on August 28, 2019 and performed all services under the contract exclusively in the City of New York.

15. Plaintiff performed services for Defendants under the Agreement through November 2019.

16. Defendant approved all hours worked by Plaintiff as per the Agreement.

17. Plaintiff submitted invoices to Defendants at the end of each month that it performed services under the contract.

18. Defendants paid invoices submitted by Plaintiff through July 2019.

19. Defendants failed to pay invoices submitted by Plaintiff in August 2019, September 2019, October 2019, and November 2019. The amount due for those invoices totals $28,000.

20. Mr. Pal made numerous attempts to collect the compensation past due to Plaintiff by submitting email requests to several employees and agents of Defendants from November 2019 through March 2020.

21. In an email dated March 2, 2020, Defendant THE PHARM's Chief Financial Officer, Mina Guiahi ("Guiahi"), informed Plaintiff that Defendants would only pay Plaintiff 25% of the total amount due ($7000) in lieu of the $28,000 owed.

22. In the same email, and for the first time, Guiahi stated that "after reviewing prior invoices, it appears that egregious hours were logged" thereby threatening, intimidating, and harassing Plaintiff by falsely claiming that Plaintiff had inflated the number of hours worked.

23. Guiahi threatened, intimidated, and harassed Plaintiff because he attempted to exercise his right to recover the amounts past due for services rendered to Defendants.

24. To date, Defendants have not compensated Plaintiff for all hours worked and approved by Defendants.

25. In total, Defendants owe Plaintiff compensation for 350 hours worked.

26. Instead, Defendants offered to compensate Plaintiff for only 87.5 hours worked.

27. Plaintiff has suffered significant financial hardship as a result of Defendants' actions.

## FIRST CAUSE OF ACTION
### Violation of the Freelance Isn't Free Act, N.Y.C. Admin. Code § 20-928
### (Failure to Provide Written Contract)

28. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

29. Plaintiff is a "freelance worker" as that term is defined by N.Y.C. Admin. Code § 20-927 because Plaintiff is an organization composed of no more than one natural person, that was hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation.

30. Defendants are a "hiring party" as that term is defined by N.Y.C. Admin. Code § 20-927 because Defendant retained Plaintiff to provide a service.

31. The value of the services Plaintiff was retained by Defendants to provide exceeded $800.00.

32. As a result, pursuant to N.Y.C. Admin. Code § 20-928, Plaintiff was entitled to have the contract between Defendants and Plaintiff reduced to writing, that included, at a minimum, the name and mailing address of both the hiring party and the freelance worker; an itemization of all services to be provided by the freelance worker, the value of the services to be

4

provided pursuant to the contract and the rate and method of compensation; and the date on which the hiring party must pay the contracted compensation or the mechanism by which such date will be determined.

33. Defendants failed to reduce the contract between Defendants and Plaintiff to writing that contained the foregoing minimum requirements contained in N.Y.C. Admin. Code § 20-928.

34. As a result, Defendants violated N.Y.C. Admin. Code § 20-928, entitling Plaintiff to bring this action in any court of competent jurisdiction, pursuant to N.Y.C. Admin. Code § 20-933(a)(1), for damages as described in subdivision b of that section, which provides:

> b. Damages.
>
> 1. A plaintiff who prevails on a claim alleging a violation of this chapter shall be awarded damages as described in this subdivision and an award of reasonable attorney's fees and costs.
>
> 2. Violation of section 20-928.
>
>   (a) A plaintiff who prevails on a claim alleging a violation of section 20-928 shall be awarded statutory damages of $250.
>
>   (b) A plaintiff who prevails on a claim alleging a violation of section 20-928 and on one or more claims under other provisions of this chapter shall be awarded statutory damages equal to the value of the underlying contract for the violation of section 20-928 in addition to the remedies specified in this chapter for the other violations.
>
> N.Y.C. Admin. Code § 20-933(b)(1) and (2)(a),(b).

## SECOND CAUSE OF ACTION
### Violation of the Freelance Isn't Free Act, N.Y.C. Admin. Code § 20-929
### (Failure to Provide Timely and Full Payment)

35. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

36. Plaintiff is a "freelance worker" as that term is defined by N.Y.C. Admin. Code §

20-927 because Plaintiff is an organization composed of no more than one natural person, that was hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation.

37. Defendants are a "hiring party" as that term is defined by N.Y.C. Admin. Code § 20-927 because Defendants retained Plaintiff to provide a service.

38. Plaintiff provided the foregoing services to Defendants.

39. In violation of N.Y.C. Admin. Code § 20-929, Defendants failed to pay Plaintiff for the foregoing services on or before the date such compensation was due under the terms of the contract; or no later than 30 days after the completion of the freelance worker's services under the contract.

40. Defendants required, as a condition of timely payment, that the Plaintiff accept less compensation that the amount agreed upon, after the Plaintiff commenced performance of the services to Defendants.

41. As a result, Defendants violated N.Y.C. Admin. Code § 20-929, entitling Plaintiff to bring this action in any court of competent jurisdiction, pursuant to N.Y.C. Admin. Code § 20-933(a)(1), for damages as described in subdivision b of that section, which provides:

> b. Damages.
>
> 1. A plaintiff who prevails on a claim alleging a violation of this chapter shall be awarded damages as described in this subdivision and an award of reasonable attorney's fees and costs.
>
> * * *
>
> > 3. Violation of section 20-929. In addition to any other damages awarded pursuant to this chapter, a plaintiff who prevails on a claim alleging a violation of section 20-929 is entitled to an award for double damages, injunctive relief and other such remedies as may be appropriate.
>
> N.Y.C. Admin. Code § 20-933(b)(1), (3).

6

## THIRD CAUSE OF ACTION
### Violation of the Freelance Isn't Free Act, N.Y.C. Admin. Code § 20-930
### (Retaliation)

42. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

43. Plaintiff is a "freelance worker" as that term is defined by N.Y.C. Admin. Code § 20-927 because Plaintiff is an organization composed of no more than one natural person, that was hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation.

44. Defendants is a "hiring party" as that term is defined by N.Y.C. Admin. Code § 20-927 because Defendant retained Plaintiff to provide a service.

45. Plaintiff exercised or attempted to exercise rights guaranteed under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 et seq., including the right to timely and full payment.

46. Defendants were aware or should have been aware of Plaintiff's attempts to exercise rights guaranteed under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 et seq.

47. Defendants took actions, directly or indirectly, to threaten, intimidate, discipline, harass, deny a work opportunity to or discriminate against Plaintiff, and/or took other actions that penalized Plaintiff for, or was reasonably likely to deter a freelancer worker from, exercising or attempting to exercise rights guaranteed under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 et seq., or from obtaining future work opportunities, because Plaintiff exercised or attempted to exercise rights guaranteed under the Freelance Isn't Free Act, N.Y.C. Admin. Code §§ 20-927 et seq.

48. As a result, Defendants violated N.Y.C. Admin. Code § 20-930, entitling Plaintiff

to bring this action in any court of competent jurisdiction, pursuant to N.Y.C. Admin. Code § 20-933(a)(1), for damages as described in subdivision b of that section, which provides:

> b. Damages.
>
> 1. A plaintiff who prevails on a claim alleging a violation of this chapter shall be awarded damages as described in this subdivision and an award of reasonable attorney's fees and costs.
>
> * * *
>
> 4. Violation of section 20-930. In addition to any other damages awarded pursuant to this chapter, a plaintiff who prevails on a claim alleging a violation of section 20-930 is entitled to statutory damages equal to the value of the underlying contract for each violation arising under such section.

N.Y.C. Admin. Code § 20-933(b)(1), (4).

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

49. Plaintiff hereby repeats, reiterates and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

50. Defendants entered into the Agreement, a binding agreement, with Plaintiff to compensate for services rendered.

51. The Agreement was supported by valuable consideration and Plaintiff provided adequate performance of the Agreement.

52. Defendants intentionally breached the Agreement by failing to pay Plaintiff the amounts due under the terms of the Agreement.

53. As a result of the breach, Plaintiff has suffered and continues to suffer pecuniary damages.

54. Accordingly, Defendants are liable for breach of contract.

55. Plaintiff is entitled to actual, compensatory, and expectation damages resulting

from the breach of the Agreement.

## FIFTH CAUSE OF ACTION
### (Quantum Meruit)

56. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

57. Plaintiff performed services in good faith for Defendants.

58. Defendants accepted the services rendered by Plaintiff.

59. Plaintiff had an expectation of compensation for the services rendered to Defendants and proof of the reasonable value of those services.

60. By their actions, stated above, Defendants wrongfully failed to pay Plaintiff the reasonable value of the services performed for Defendants.

61. Accordingly, Defendants are liable to Plaintiff for quantum meruit.

62. Plaintiff is entitled to the reasonable value of the services performed for Defendants plus interest.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

63. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

64. Defendants were unjustly enriched at Plaintiff's expense by services performed by Plaintiff for Defendants.

65. The circumstances between Plaintiff and Defendants are such that it is against equity and good conscience to permit Defendants to retain what Plaintiff seeks to recover.

66. Plaintiff is entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants plus interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief from this Court:

a. an award of statutory damages in the amount of $250.00 pursuant to N.Y.C. Admin. Code § 20-933(b)(2)(a) against Defendants;

b. an award of statutory damages equal to the reasonable value of the contract for services performed and/or anticipated to be performed pursuant to N.Y.C. Admin. Code § 20-933(b)(2)(b) against Defendants;

c. an award of "double damages" and injunctive relief pursuant to N.Y.C. Admin. Code § 20-933(b)(3) against Defendants;

d. an award of statutory damages equal to the value of the underlying contract for each violation arising under such section pursuant to N.Y.C. Admin. Code§ 20-933(b)(4) against Defendants;

e. an award of reasonable attorneys' fees and costs pursuant to N.Y.C. Admin. Code § 20-933(b)(1);

f. actual, compensatory, and expectation damages resulting for breach of the Agreement and specific performance of the Agreement;

g. reasonable value of the services that Plaintiff performed for Defendants plus interest;

h. an amount equal to benefits unjustly retained by Defendants plus interest;

i. pre-judgment interest and post-judgment interest as provided by law;

j. appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices; and

k. such other relief as this Court shall deem just and proper.

Dated: Brooklyn, New York
      May 6, 2020

                                DOLCE LAW PLLC

                                By: /s/ *Wendy Dolce*
                                Wendy Dolce (WD-4231)
                                44 Court Street, Suite 1217
                                Brooklyn, New York 11201
                                Telephone: (718) 571-9162
                                Facsimile: (718) 571-9164
                                *Attorneys for Plaintiff*